IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY C. EVERETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:06CV1012 DJS/AGF |
| | ) | |
| JAMES PURKETT, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pro se petition of Missouri state prisoner Courtney Everett for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The action was referred to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for recommended disposition. Petitioner pled guilty to assault in the first degree, armed criminal action, and kidnapping, and was sentenced to concurrent terms of 22 years, 15 years, and 22 years, respectively. For federal habeas relief, Petitioner claims that his federal constitutional rights were violated in the following ways:

> (1) his privately-retained plea counsel had a conflict of interest because Petitioner could not pay the entire fee a trial would have required; this conflict led counsel to pressure petitioner to plead guilty, rendering the plea involuntary;

> (2) Petitioner's guilty pleas were involuntary due to plea counsel's ineffective assistance in advising him that he would not be sentenced to more than a total of 15 years if he pled guilty to all charges;

1

(3) there was an insufficient factual basis to support the guilty plea on the kidnapping charge; the factual basis offered by the state was "based on facts outside the indictment";

(4) there was also an insufficient factual basis to support the guilty plea on the assault charge; and

(5) his guilty pleas were involuntary due to plea counsel's ineffective assistance in failing to adequately discuss with him all the elements of the charges against him, advising him that lesser included offenses were not applicable, failing to make a sentencing recommendation to the sentencing court, failing to insure Petitioner an opportunity to speak at the sentencing hearing, and failing to investigate the case.

Respondent argues that habeas relief should be denied because Petitioner procedurally defaulted his last three claims, and the state courts' adjudication of the remaining claims was reasonable. For the reasons set forth below, the Court recommends that federal habeas relief be denied.

## BACKGROUND

For purposes of this action, it is undisputed that Petitioner's mother retained counsel to represent Petitioner for a fee of $10,000 if there were no trial, and $15,000 if the case went to trial, and that after Petitioner's mother paid counsel approximately $11,500, counsel was told that she could pay no more. The Court also assumes for purposes of this petition, that plea counsel advised Petitioner that if he pled guilty to all charges, he would not be sentenced to more than a total of 15 years.

**Plea and Sentencing Hearings**

At the plea hearing, Petitioner, who was 29 years old, answered in the affirmative when the court asked him whether he had "thoroughly discussed" the charges against him with his counsel and whether his counsel had "fully explained" to him the elements of the

2

charges and any possible defenses he might have. The prosecutor then testified that if the case were to proceed to trial, the State's evidence would show that after the mother of Petitioner's child took legal action to increase child support owed to her, Plaintiff shot her in the back, forced her into the trunk of his car, and drove off with her. The victim was able later to escape and she survived. Petitioner confirmed that these facts were "essentially correct."

The court ascertained that Petitioner knew that the assault charge carried a minimum sentence of ten years and a maximum sentence of 30 years to life; that the sentencing range for the armed criminal action charge was three years to an unlimited number of years; and that the range for the kidnapping charge was five to 15 years. Petitioner confirmed that he was entering a "blind plea of guilty" and that he understood that he was thus subjecting himself to the full range of punishment on each charge.

The prosecutor added some background facts relevant to the crimes and Petitioner confirmed that with this addition, the facts were substantially correct. The prosecutor explained that if Petitioner wanted to plead guilty to a stipulated penalty, that penalty would be concurrent terms of 25 years for the assault, 25 years for the armed criminal action, and 15 years for the kidnapping. Petitioner confirmed that he understood this and that he had, upon discussing the matter with his counsel, rejected such an agreement and decided rather to enter a blind plea. Petitioner confirmed that no one had made any threats or promises to him to induce him to plead guilty, that he had had sufficient time to

3

discuss his case with his counsel, and that he had no complaints or criticism of his counsel's representation. After ascertaining that Petitioner also understood the rights he was giving up by pleading guilty, the court accepted the guilty pleas as voluntary and knowing. Resp. Ex. A 13-28.

At sentencing, after the victim read a statement, the court sentenced Petitioner to 22 years for the assault, 22 years for the armed criminal action, and 15 years for the kidnapping, all terms to run concurrently. Upon examination by the court, Petitioner acknowledged that his counsel complied with all of Petitioner's instructions and did not communicate any threats or promises to induce Petitioner to plead guilty. Petitioner further indicated that he was satisfied with the legal representation he had received. Id. 29-36.

**State Post-Conviction Proceedings**

Petitioner raised numerous claims for post-conviction relief in an amended motion filed under Missouri Supreme Court Rule 24.035, including the two claims he pursued on appeal from the denial of that motion, namely that: (1) his plea was not voluntary because he was pressured to plead guilty by his counsel, who labored under a financial conflict-of-interest because he did not think Petitioner could afford to pay attorney's fees for a trial; and (2) his plea was involuntary as a result of counsel's ineffective assistance in advising Petitioner that in exchange for his guilty pleas, he would receive a total of 15 years imprisonment. Id. 67-87, Resp. Ex. B. The state trial court rejected these claims on the

4

basis that they were refuted by Petitioner's testimony at the plea hearing. Resp. Ex. A 88-92. The Missouri Court of Appeals summarily affirmed this decision. Resp. Ex. D.

On February 2, 2006, Petitioner filed a petition for state habeas relief under Missouri Supreme Court Rule 91, raising numerous claims, including all the claims raised in the present federal habeas action. On April 11, 2006, the state trial court entered judgment against Petitioner, stating that there was no basis to allow Petitioner to proceed with the state habeas action on claims that he had raised or could have raised in a Rule 24.035 motion. Resp. Ex. G. The present action was timely filed, raising the five above-noted claims.

## **DISCUSSION**

### **Procedural Default**

Respondent correctly argues that this Court is procedurally barred from considering Petitioner's last three claims because he procedurally defaulted those claims in state court, and has not presented a legally sufficient basis to excuse this default. Under the doctrine of procedural default, a state prisoner is generally barred from obtaining federal habeas relief on claims that were procedurally defaulted in state court, that is, claims that were not properly presented through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003).

A Missouri inmate procedurally defaults claims which could have been but were not raised on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006); Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (same). Here, as noted above, the only two claims raised by Petitioner in his post-conviction appeal were the claims regarding counsel's alleged financial conflict of interest, and counsel telling him he would receive a total sentence of 15 years. Thus, the remaining claims asserted in this action were procedurally defaulted. The fact that Petitioner raised his remaining claims in the Rule 91 action does not avail him because the state court dismissed those claims as not properly before the court. See Preston v. Delo, 100 F.3d 596, 600 (8th Cir. 1996) (holding that a Missouri inmate's procedurally defaulted claim is not resurrected by raising it in a Rule 91 petition where the state courts failed to address the Rule 91 petition on its merits); Anderson v. White, 32 F.3d 320, 321 n.2 (8th Cir. 1994) (same); Rogers v. Bowersox, No. 4:05 CV 2051 DDN, 2008 WL 4790344, at *12 (E.D. Mo. Oct. 31, 2008) (same).

A petitioner may avoid a procedural default if he can demonstrate cause for the default and prejudice resulting from it, or if he can demonstrate a colorable claim of factual innocence. Wemark, 322 F.3d at 1020-21. Here, Petitioner asserts in his federal petition that his third and fourth claims are "based on information seen for the first time on or about January 12, 2005 from legal file obtained after Post Conviction Motion . . . [was] filed May 20, 2004." However, these claims are based on what transpired at the plea

6

hearing, and Petitioner does not identify what "new information" might have excused his failure to raise these claims in his post-conviction motion. Plaintiff asserts no excuse for the default as regards his fifth claim. The Court notes that ineffective assistance of post-conviction counsel, either in the motion court or on appeal, cannot provide cause for a procedural default. See Interiano v. Dormire, 471 F.3d. 854, 857 (8th Cir. 2006) .

The Court accordingly turns to consider the merits of Petitioner's two claims that were  properly preserved for federal habeas review -- the claim that plea counsel pressured Petitioner to plead guilty due to a conflict of interest, and the claim that plea counsel misadvised Petitioner that he would be sentenced to 15 years if he pled guilty.

**Standard of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus cannot be granted unless the state court's adjudication

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). "AEDPA effected a move toward greater deference in the § 2254 court's review of state-court decisions." Brown v. Luebbers, 371 F.3d 458, 460 (8th Cir. 2004) (en banc).

A decision by a state court is "contrary to" clearly established federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases'" or if it "'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent.'" Price v. Vincent, 123 S. Ct. 1848, 1853 (2003) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (citation omitted).

A federal habeas court must "presume that the state court's findings of fact are correct, and the prisoner has the burden of rebutting the presumption of correctness by clear and convincing evidence." Barnett v. Roper, 541 F.3d 804, 811 (8th Cir. 2008).

**Voluntariness of Plea/Effective Assistance of Counsel**

Both of Petitioner's claims before the Court involve two constitutional rights -- the right to effective assistance of plea counsel, and the right to a trial. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must not only show that counsel's performance was deficient, but that he was prejudiced by his counsel's incompetence. Strickland v. Washington, 466 U.S. 668, 694 (1984). In order to show prejudice, a habeas petitioner who pled guilty in state court must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted

8

on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (applying Strickland to the guilty plea context); see also Gingras v. Weber, 543 F.3d 1001, 1004 (8th Cir. 2008).

A guilty plea, which waives a criminal defendant's right to a trial, "not only must be voluntary but must be [a] knowing, intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748 (1970); see also North Carolina v. Alford, 400 U.S. 25, 31 (1970) (guilty plea that is not "voluntary and knowing" violates due process).

Here, the state courts relied upon the plea and sentencing proceedings to reject Petitioner's related claims that counsel was ineffective and that his guilty pleas were not knowing and intelligent. As noted above, at the plea hearing, the trial court affirmatively informed Petitioner the correct range of punishment he faced for the charged crimes, and Petitioner acknowledged that he understood this. Petitioner also affirmatively represented that he understood that his plea was a blind plea and that he understood the consequences of such a plea. At the plea hearing, Petitioner stated that no one had made any promises to him to induce him to plead guilty, and after sentencing, Petitioner represented that his counsel, specifically, did not communicate any promises to induce Petitioner to plead guilty, and that he was satisfied with the legal representation he had received. The state courts' determination that this precluded a claim that Petitioner was prejudiced by counsel allegedly misadvising him that he would receive 15 years if he pled guilty was not an unreasonable application of Supreme Court law, nor based upon an unreasonable

9

determination of the facts. See, e.g., Wilcox v. Hopkins, 249 F.3d 720, 724-25 (8th Cir. 2001) (rejecting claim of ineffective assistance based upon plea counsel's alleged misinformation as to likely sentencing consequences of pleading guilty where the state court advised petitioner of applicable minimum and maximum sentence); Matteson v. Bowersox, No. 4:06CV1605 CDP, 2007 WL 1876472, at *11-12 (E.D. Mo. June 26, 2007) (holding that state court reasonably found that a federal habeas petitioner's claim that his plea was involuntary because his counsel had predicted or promised him a lesser sentence was refuted by the petitioner's representation at the plea hearing that his plea was not induced by any promises or predictions as to what his sentence would be).

Similarly, the state courts reasonably rejected Petitioner's claim that he was pressured into pleading guilty by counsel due to a financial conflict of interest, in light of Petitioner's testimony at the plea hearing that he had had sufficient time to discuss his case with his counsel, and that he had no complaints or criticism of his counsel's representation, and Petitioner's testimony after sentencing that he was satisfied with the legal representation he had received.

In sum, the Court concludes that the state courts' adjudication of Petitioner's ineffective assistance of counsel and unknowing plea claims did not result in a decision that was contrary to or involved an unreasonable application of federal law, nor was it based upon an unreasonable determination of the facts.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of Petitioner's claims for habeas relief debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). See Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (standard for issuing a Certificate of Appealability) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Courtney Everett for federal habeas corpus relief be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability be denied.

The parties are advised that they have ten (10) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that the failure to file timely objections may result in a waiver of the right to appeal questions of fact.

_____
AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of July, 2009.